*In re* MAY'S ESTATE.

CLAIM OF JOSEPH MAY.

EXECUTORS AND ADMINISTRATORS — CLAIM FOR BOARD AND ROOM —
TOBACCO — CLOTHING — GRATUITOUS SERVICES — PRESUMPTIONS —
BURDEN OF PROOF.

> Evidence presented to support claim against the estate of a de-
> cedent for board and room, tobacco, overalls and shirts, fur-
> nished decedent in course of 14-year period while he, a rela-
> tive, lived as a member of the family *held*, insufficient to
> overcome presumption that such material and services were
> gratuitous when furnished by a relative or sufficient to sustain
> burden of proof of establishing contract that deceased was
> to pay or that claimant expected to receive pay.

Appeal from Kent; Brown (William B.), J. Sub-
mitted January 6, 1937. (Docket No. 25, Calendar
No. 39,213.) Decided March 1, 1937.

In the matter of the estate of Henry May, de-
ceased. Joseph May presented his claim for board,
room, clothing and other incidentals. Aetna Lay-
mon, executor, objected thereto. Judgment for de-
fendant executor in circuit court. Plaintiff appeals.
Affirmed.

*Irving H. Smith,* for plaintiff.

*Cornelius Hoffius* (*Russell Van Kovering,* of coun-
sel), for defendant.

POTTER, J. Plaintiff, Joseph May, presented a
claim against the estate of Henry May, deceased,
for board and room from July 11, 1916, to and to
include May, 1931, except 40½ weeks, to-wit: the

months of February to October inclusive in the year
of 1918, 733.5 weeks at $5 a week, $3,667.50; for
tobacco purchased at 15¢ a week for 733.5 weeks,
$110.02; to overalls and shirts purchased for de-
ceased, $2.50 a year for 15 years, $37.50—total,
$3,815.02.

Joseph May was a farmer in Cascade township,
Kent county, and Henry May, a relative, lived there
with him. There is no testimony Henry ever did any
particular work around the premises. He occa-
sionally filled the woodbox and brought a pail of
water. Apparently Joseph May used to furnish
Henry with clothing and tobacco, but they were not
charged to him. When they were given to him, the
testimony is that Joseph said to Henry, "Here is a
present for you." Henry lived there as a member
of the family. He had some property, shares in a
building and loan association. He was treated just
like any other member of the family. Plaintiff, so
far as the record shows, never made any charges
against deceased, never had any account with him,
never charged him for the clothing or tobacco, no
credit was ever given to the deceased for any work
he did. As found by the trial court:

"The testimony is barren of evidence to establish
a contract between the parties, to the effect that the
deceased expected to pay and that the claimant ex-
pected to receive pay."

Many authorities applicable to cases of this kind
are collected in *McInerney* v. *Detroit Trust Co., ante,*
42.

It is insisted there was an implied contract upon
the part of the deceased to pay plaintiff. The serv-
ices must have been rendered under such circum-
stances as to indicate the deceased himself expected
to pay for the services rendered and the person mak-

ing the claim expected to charge for and collect pay for the board and room, overalls and tobacco. The proof of these expectations upon the part of the several parties must be sufficient to overcome the presumption that the services, clothing and tobacco were gratuitous. There are, of course, the claims of admissions made by testator. But this proof is not entitled to serious consideration, and, if anything, tends to rebut the existence of a contract, rather than support it. The burden of proof was upon plaintiff and unless the claim, or some part of it, was supported by substantial evidence, the judgment of the trial court who heard the witnesses and determined the questions of fact and law must be affirmed. It is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.